Today is People vs. Nathan Harmon We have Mr. Strachan, is that right? And Mr. Daley Mr. Strachan, whenever you're ready, proceed. Please report, counsel. I represent Nathan Harmon in this case. He was convicted of theft over $300. I'll give you a little bit of background and then tell you exactly how simple this case is. Mr. Harmon was pulled over. No, he wasn't. He was driving the car, supposedly. And he is seen by a notorious cop, J.D. Robinson, who thinks he is sure that he does not have a driver's license, so he probably better stop. So he goes around the block and he comes back, and by this time, the defendant has parked the car and is walking away. He's either 150 yards or 150 feet from the car at the time. Based on this presumption that he has no driver's license and shouldn't have been driving, J.D. Robinson arrests him. He doesn't give him a ticket. He arrests him. Then, clearly, J.D. Robinson would like very much to search the man's car. Of course, he has no authority to do that because he wasn't arrested in the car and he's pulled over for, or he has attempted to pull him over for driving without a license. Certainly not the sort of thing you need to be looking for proof of in the car. He had no right to search the car. This doesn't occur to J.D. Robinson at all. He's just sure he should search the car. But it's raining, it's sleeting, it's snowing, it's cold. So he thinks this is what I'll do. I'll tow this car in somewhere, and then I'll have to do an inventory search because that's our policy. You have to do an inventory search if you're going to pound the car. Where was the car parked at that time? That's a good question. According to the testimony of J.D. Robinson, which is three different times, preliminary hearing, motion to suppress, and then again at the sentencing hearing, it is parked at a dead-end road at the corner of, not at the corner, but there's an intersection that he's parked at the dead-end road. He never, ever says the car is parked illegally. In fact, he claims he never said that when he's asked directly. Was it blocking any driveways? There seems to be some confusion on that issue. I read the record very clearly one way. Counsel has read it very clearly the other way. I just checked, and we both cite the exact same page for different conclusions. So that's really what this comes down to. You just jumped to the point right there. If this car was not parked illegally or was not a hazard to traffic or causing any other problem, it could not have been impounded. There was no right to impound this car. That entire towing of the car to do an inventory search was purely a manufactured excuse to give this cop the right to search this car. There was no basis for it. The record certainly does not support that the car is causing any problems. It's at the end of the road, at the end of a dead-end road. How is that causing a problem? But for some reason, that is all glossed over in the motion to suppress hearing. There's not much discussion of whether it was a right to impound the car in the first place. The focus was on whether or not you can inventory search the car after you impound it. Well, sure you can. But we missed the important step of determining whether or not the car could have been impounded in the first place. And my reading of the record clearly shows that it just certainly was not subject to being impounded. The man wasn't arrested in his car. There was no testimony that it was causing any problem with traffic. I don't care if it was sleeting. You can't tow every car that's parked out at the end of a dead-end road because it's sleeting just because it occurs to you to do that. That's an excuse. The idea that the weather was bad is just fortuitous because it gave them something to hang their hat on. But it's not a good enough something to hang their hat on. And for that reason, the trial court was just simply wrong to not suppress this evidence. And without the evidence that is later found in the search, there's no evidence that any crime has been committed here. So we'd ask you to find that the trial court abused its discretion because there's nothing in the record to support it. And not only do that, but you have to actually outright reverse the conviction because there's no other evidence to support it. Are there any questions? No. Well, then that's all I have to say about that. I told you it would be short and easy. Thank you, Counsel. Mr. Bailey. Thank you, Your Honor. May I please record, Counsel? I wish I knew which facts we had different views on the same thing. It wasn't specifically mentioned. It's hard to respond to it. But the Court has the record, so I'll just argue as I read the record. The only issue in this case is, of course, whether or not there was a proper impoundment of the defendant's vehicle in the inventory search. There has been no issue raised, either on appeal or I don't even believe at the circuit court level, about whether the defendant actually had a suspended driver's license at the time. So to the extent there's some sort of imputation here that maybe this officer's knowledge was incorrect about the status of his driver's license is not really before the Court and hasn't been challenged. So for that instance and for that factual issue, it's presumed to be true. So the officer observed the defendant driving the vehicle. It was icy and snowy conditions out. Because of the weather, he could not turn around and make a stop at that time, so he wound up circling around the block. He came upon the defendant's vehicle. I'll stop right here before I continue because I do want to say that what's unusual about this case, and I think part of the reason maybe because it sort of fell along that line of pre-post-Gantt search instance to arrest, where, you know, obviously you can no longer search the vehicle. He's 150, 200 feet away from the car. That sort of windowed the focus down, I think, really after the evidentiary hearing, whether or not that there was a proper inventory search as a justification for the search of the vehicle. But the facts, this Court is allowed to look at any fact that's in the record in order to evaluate the correctness of the Court's decision. It doesn't have to occur at the time of the suppression hearing. Here we have facts from the preliminary hearing, from the suppression hearing, and from the sentencing hearing itself. So the facts that I recite to the Court here in the brief is an amalgamation of those three hearings, and it's proper for the Court to look at that. When the officer came upon the defendant's vehicle, it was parked not in the side of the road, but in the middle of the road, testified it was in the middle of the road. There's bad weather conditions. It was near, really at an intersection, not at the end of a dead-end street, as counsel has stated. The officer also testified that in order to get around the vehicle, one would actually have to drive up onto the property of a house that was adjoining or abutting the roadway. There was testimony that hasn't been refuted or challenged by the defendant with regards to a toll policy that was in place for inclement conditions, et cetera. So the Court ultimately ruled that it was parked in the middle of the roadway. It was a night of icy conditions. The car created a hazard and inconvenienced the other drivers. Our position is that, in the sum total of facts, more than amply supports that Court's conclusion. And that being the case, then the officer was justified under those circumstances to tow the vehicle, pursuant to their toll policy and pursuant to the prevailing conditions at the time in which the car was located, and conduct an inventory search. And proprietary inventory search has not been challenged either. So really, this Court's sole focus is upon whether or not that car was properly abounded for it to be towed and ultimately searched. That's really all there is to it, and that's all I have to say on it. If the Court has any questions, I'd be happy to answer them. Thank you. Anything else, counsel? Very little. I agree with counsel. It doesn't make any difference whether or not his license was suspended. It has nothing to do with anything. It's just that's what started this entire process. It is interesting, though, that you don't get to search a man's car because you think that his license was suspended while he was driving it, even if you caught him driving it. You still don't get to search his car. But that really doesn't have a whole lot to do with this case. It's just one more step in showing the officer's intent that he was searching this car. That's all there was to it. We could talk a little bit more about some of the information that came out of the sentencing hearing, which wasn't really that clear to me either then. I've written all around in a circle on my paper. We argue about whether the car was parked in the middle of the road at the end of a dead-end road. Are you going to ask me a question? No. Or if it was near an intersection. It could be both. It could be a very short dead-end street, and there could be one spot in the middle of the road that is the parking area there. We don't know because nobody bothered to take a picture. It would have been really handy to have shown us exactly where this car was parked and backed up your decision to impound this car. But since it never occurred to the officer to impound the car, that there was a problem impounding the car, he just thought he could do whatever he wanted based on his policy, none of that effort was made. So we don't know where the car was parked. Maybe the car was parked right smack in the middle of the road, which is near the intersection, but also the end of the dead-end. Maybe to drive around it, as came up in sentencing, to get into the driveway of a house at the end of the road. Maybe that's true. Maybe that's the defendant's house. I don't know. Neither does the court. Maybe that's where he always parks because somebody else parks in his driveway. I don't know. Maybe that's an empty house, so nobody would be going there to get into that driveway. We don't know. The court doesn't know that either because none of that stuff came out at all. So all of this idea that it's impeding traffic and causing a hazard is never stated by the only people who saw the car there. They're given every opportunity in the world to say that's the case. Three times he gets to testify and he never comes up with that story. He still just talks about how he has the right to impound the car. So we don't have enough facts for the judge to reach the conclusion that he did. I think that's all I have to say. I reached the end of my circle again. So we would ask that you would find that the trial court abuses discretion and repress these convictions. Thank you. Thank you very much, counsel. We'll take an argument under advisement and get back to you all shortly.